UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TAMMY A. GILL,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>    Defendant. | Case No. 2:15-cv-00553-JCM-CWH<br><br>**REPORT & RECOMMENDATION** |

This matter was referred to the undersigned Magistrate Judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4.  The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Tammy A. Gill's ("Plaintiff") application for disability insurance benefits under Title II of the Social Security Act.  The Court has reviewed Plaintiff's motion for reversal/remand (ECF No. 15), filed August 12, 2015, the Commissioner's cross-motion to affirm and opposition (ECF No. 23), filed December 16, 2015, and Plaintiff's reply (ECF No.25), filed December 28, 2015.

## BACKGROUND

**1. Procedural History**

In June 1, 2011, Plaintiff applied for disability insurance benefits, alleging an onset date of June 29, 2009.  AR[1] 139-140.  Plaintiff's claim was denied initially on October 26, 2011, and upon reconsideration on August 6, 2012.  AR 84-88, 90-92.  A hearing was held before an Administrative Law Judge ("ALJ") on July 25, 2013.  AR 29-56.   On September 27, 2013, the ALJ issued an unfavorable decision.  AR 10-28.  The ALJ's decision became the Commissioner's final

---

[1] AR refers to the Administrative Record in this matter.  (Notice of Manual Filing (ECF No. 13).)

decision when the Appeals Council denied review. AR 1-7. Plaintiff, on March 25, 2015 commenced this action for judicial review under 42 U.S.C. §§ 405(g). *See* ECF Nos. 1, 3.

**2.    The ALJ Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 14-15. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of June 29, 2009. AR 15. At step two, the ALJ found that Plaintiff had medically determinable "severe" impairments of multi-level lumbar spine degenerative disc disease, fibromyalgia, obesity, depressive disorder and anxiety disorder. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. Under step four, the ALJ found that the claimant had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b). Specifically, she can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can sit about six hours out of eight hours with customary breaks; she can stand and/or walk about six hours out of eight hours with customary breaks; she can engage in all postural activities occasionally; she can occasionally interact with supervisors, co-workers and the public; she is unable to perform complex work activity; she can occasionally engage in detailed work activity; she does not have any limitations with regard to simple work activity; she can continuously sustain attention, concentration, persistence and pace on simple work activity; and she needs a sit/stand option, which is defined as after 45 minutes of sitting or standing, she needs to do the other activity for about five minutes before resuming the original activity. AR 17. Considering the claimants's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. AR 22. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from June 29, 2009, through the date of the decision. AR 23.

///

///

///

**DISCUSSION**

**1.      Standard of Review**

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying or reversing a decision of the Commissioner *de novo*. *See Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human*

*Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

**2.    Disability Evaluation Process**

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Batson*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the

analysis proceeds to the step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform her past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If she is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3. Analysis**

Plaintiff seeks reversal of the ALJ's decision because the ALJ failed to properly assess her credibility, and therefore his RFC lacks the support of substantial evidence. Specifically, he argues that the ALJ discounted Plaintiff's credibility due to the extent of her daily activities, the routine and conservative nature of her treatment, and the lack of objective evidence to support the complaints. The Commissioner responds that the ALJ considered Plaintiff's testimony, but found it less than fully credible, and explained his finding in his decision. Plaintiff restates her arguments

6

in her reply.

The Court finds that the ALJ's credibility finding with respect to Plaintiff's subjective complaints of symptoms and functional limitations was supported by substantial evidence. The ALJ's assessment of credibility is entitled to "great weight." *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989). The ALJ is required to engage in a two-step analysis to evaluate credibility: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged and, if so, with no evidence of malingering, and (2) reject the individuals's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). To support a finding of less than fully credible, the ALJ is required to point to specific facts in the record that demonstrate that the individual's symptoms are less severe than she claims. .*Id.* at 592.

In finding Plaintiff not credible, the ALJ cited several reasons. First, the ALJ noted that the objective medical evidence did not support Plaintiff's alleged limitations from mental impairments. AR 19-20. An ALJ can consider the extent to which objective medical evidence supports a claimant's allegations. *See* 20 C.F.R. § 404.1529(c)(2); *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 600 (9th Cir. 1999) ("conflict between [claimant's] subjective complaints and the objective medical evidence in the record" is a "specific and substantial" reason that undermines a claimant's credibility). In spite of Plaintiff's diagnosis of fibromyalgia and back pain, the ALJ noted that Plaintiff walked normally, stood normally, and had normal range of motion and otherwise normal findings. AR 18-20. Likewise, although Plaintiff testified to mental impairments, the ALJ noted that the record reflected normal mental status findings, including GAF scores showing mild symptoms at most. AR 20-21. This evidence supported the ALJ's credibility finding. *See* 20 C.F.R. § 404.1529(c)(2); *Morgan*, 169 F.3d at 600.

The ALJ cited to examining source Dr. Lagstein who opined that Plaintiff could stand and walk for six hours per day and sit for six hours per day, and lift up to fifty pounds occasionally and up to twenty-five pounds frequently. AR 20, AR 440. In contrast, Plaintiff testified that she could sit only 30-40 minutes, stand 20-30 minutes, and lift no more than a gallon of milk. AR 44-45.

1    The inconsistency between Plaintiff's testimony and the opinion of an examining medical doctor
2    provides another valid reason for rejecting Plaintiff's testimony.  *See Carmickle v. Comm'r of Soc.*
3    *Sec.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("[c]ontradiction with the medical record is a sufficient
4    basis for rejecting the claimant's subjective testimony").  Plaintiff argues that this is a "post-hoc"
5    rationalization for the ALJ's decision, but the court disagrees – the ALJ's comments were made in
6    the context of his assessment of Plaintiff's credibility.  AR 18-20.

   The ALJ stated that no treating source offered an opinion about Plaintiff's functionality which was more restrictive than the one he assessed.  AR 21.  The ALJ can reject a claimant's testimony of disability when no medical sources opined that the claimant could not work.  *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) ("[n]one of the doctors who examined Matthews expressed the opinion that he was totally disabled").

   In discussing Plaintiff's credibility, the ALJ noted that Plaintiff showed give-away weakness during an examination.  AR 19.  Give-away weakness indicates a lack of effort during strength testing, and calls into question whether a claimant is exaggerating her symptoms.  *See Thebo v. Astrue*, 436 Fed.Appx. 774, 775 (9th Cir. 2011) (unpublished) ("affirmative evidence of malingering" included an examining doctor's observation that the claimant's muscular weakness was "'give away' in nature").  This supported the ALJ's credibility finding.

   In his discussion of Plaintiff's treatment, the ALJ noted that it was routine and conservative and provided some relief to Plaintiff.  AR 18-19.  An ALJ should consider the nature and effectiveness of any treatment that a claimant receives.  *See* 20 C.F.R. § 404.1529(c)(3)(iv), (v). Plaintiff replied that her treatment was not conservative, and that there would be no stronger treatment for fibromyalgia.  The ALJ noted that treatment provided relief.  AR 18-19.  Moreover, Plaintiff underwent a procedure in July 2013 that gave her some relief, yet at the hearing, she told the ALJ that the treatment made her pain worse.  AR 40.  Such an inconsistent statement provides a further legitimate basis for rejecting Plaintiff's testimony.  *See Bunnell*, 947 F.2d at 346 (ALJ can rely on ordinary techniques for evaluating credibility, such as inconsistent statements).

   Finally, the ALJ stated that Plaintiff's daily activities were inconsistent with her alleged disability.  AR 18.  An ALJ considers a claimant's daily activities as part of the credibility

analysis. *See* 20 C.F.R. § 404.1527(c)(3)(i). *See also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("If a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations"). As the Commissioner notes, at the hearing, Plaintiff represented herself to be extremely limited, stating that she depended on her husband to tie her shoes and handle her personal care, and that she could not do any household chores. AR 43. In her function report, Plaintiff wrote that she could do laundry, wash dishes, clean, and shop. AR 169-70. Plaintiff did not explain this inconsistency, which once again undermines her credibility. The ALJ reasonably considered Plaintiff's inconsistent statements about her daily activities as a reason to reject her testimony. *See Bunnell*, 947 F.3d at 346.

Despite Plaintiff's allegations to the contrary, the ALJ provided clear and convincing reasons for finding her not credible. The court finds that the RFC is supported by substantial evidence.

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for reversal/remand (ECF No. 15) be **denied**.

**IT IS FURTHER RECOMMENDED** that the Commissioner's cross-motion to affirm (ECF No. 23) be **granted.**

## NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 15, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**